Good morning, Your Honors. May it please the Court, my name is Tom Case, and I represent the appellants Fidelity National Financial and Fidelity Express Network, collectively Fidelity. With the Court's permission, I'd like to reserve three minutes for rebuttal. This is an appeal from an order vacating Fidelity's federal judgment that was registered under 28 U.S.C. Section 1963, a judgment that was originally obtained in California, registered under that section in the state of Washington, and then re-registered under that same statute in Arizona. Fidelity obtained the California federal judgment, an $8 million fraud judgment against the appellees and the judgment debtors here, in 2002. Since that time, the judgment debtors have been fighting and fighting vigorously to avoid paying the judgment, and Fidelity has been fighting vigorously to enforce the judgment. There's nothing wrong with those opposing efforts. The judgment debtors have done everything in their power to make it difficult for Fidelity to find and collect on their assets, and they're entitled to do that. We expect them to do that. And by the same token, Fidelity has been fighting with judgment within the law to find a way around that obstacle. If there was something wrong with us using the law as written to our advantage, then most of the people in this room wouldn't have a job. As part of its enforcement efforts, in 2002, Fidelity took its California judgment and registered it in the District of Arizona. Let me just shortcut this, because I think we're all familiar with the timeline and what happened here. Had the first Arizona registration not never occurred at all, there wouldn't be a problem, right? Because the Washington State judgment registration would be valid under Washington law. I believe that that's the case, Your Honor. I believe that the opposing side would have a problem with that analysis if we took that Washington judgment and then registered it in Arizona. Would they have? I guess what I, to me, that seems sort of like a hiccup, the first Arizona registration. That shouldn't really matter to the outcome. I believe you're correct, Your Honor. The issue here is whether the new Washington judgment is a new judgment for all purposes and can, therefore, like any other judgment, be registered in another State, or whether there's something about a judgment registered under 1963 that makes it less enforceable than another judgment. Fidelity submits there isn't anything that makes a registered judgment under Section 1963 less enforceable. And the statute contains no other, no limit on the number of times that registration can occur and no limit on the number of jurisdictions in which it may occur, correct? That's absolutely correct, Your Honor. And to the extent that the statute as written extends the statute of limitations available to judgment creditors, that's consistent with the purposes of the statute, which is to make Federal judgments enforceable. And, in fact, if you look at the very last sentence of this statute, it says, quote, the procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments. But the, what happens is this. If you get a judgment against somebody and then that person keeps moving from State to State to State, nobody's got any problem with your registering the initial judgment in all 50 States, if you want to, if that person keeps moving around. Your opponent's problem is the impact of registering a registered judgment as opposed to the original judgment on the merits of the case, right? That's correct with one caveat. Each State is entitled to enforce a statute of limitations on the time between when the judgment is entered and when you register it. So, depending on where and when they're moving to other States, there may be restrictions, deadlines, that you have to meet before you can register. In this case, we registered the Washington judgment in 2011, and we also registered that 2011 judgment in Arizona in 2011. Arizona has a four-year statute of limitations, so we were within it. So, yes, Your Honor, you are correct. If you meet that deadline, you can register and it's enforceable. So, let me just be clear on one fact. I think I have right, but I want to be sure that I do. The 2011 registration in Washington was a registration of the original California 2002 judgment, correct? Correct. Okay. And it was then timely under both Washington and California law to so register it in Washington. Correct. Washington has a 10-year statute of limitations between the, when the judgment was entered and when it must be registered. Well, that's why, to me, it was irrelevant that there had been this attempt in Arizona in between. I guess I don't see what difference that would make. I agree, Your Honor. And, in fact, the district court didn't say that Fidelity had violated any Arizona law. Essentially, what the district court said is that if you enforce this statute as written, it was unacceptable, not because it violated Arizona law, but because it violated what the court felt were the policies underlying the Arizona deadlines for registering and renewing judgments. Now, if the Arizona legislature wanted to pass a law that distinguished between other judgments and registered judgments under Section 1963, it could do that and, you know, make a law that said it was. It might have some preemption problems. It might have a supremacy clause or an equal protection clause argument. But if there was a reasonable justification for distinguishing between registered judgments and other judgments, and they could establish that, and the federal courts felt that it didn't interfere with the enforcement of Section 1963, they, maybe they would be able to do that, subject to some sort of preemption or supremacy clause. But they didn't do that. Can I take you back to what you were talking about, the statute of limitations that the state of Arizona sets? Let's say, hypothetically, that instead of in 2011 going up to Washington and registering the California judgment up there, let's say you had just attempted a second time to register that California judgment directly in Arizona. Could you have done that? We could have done that. In fact, the district court said we could have done it if we had done it timely. Wait. Say that again. The district court here said we could have done that, and it would have been effective, but we didn't do it on time. No, no, no. Well, that's what I'm trying to figure out. Why is there a, just if I look at the language of the statute, the federal statute, right, why is there some time constraint that Arizona can place on your ability to register a second time the California judgment? Yes. It's the same restriction as the first time. There's a four-year period, a four-year statute of limitations from when the judgment was entered to when it has to be registered in Arizona. Why, and that's what I guess I'm trying to figure out. Why is that true as a matter of federal law? If I just look at this statute here, it doesn't say anything about there being some time constraint. It certainly says that a judgment is so registered. So once you've registered it in the new state, you then have to comply. And, Your Honor, you're absolutely correct. There's nothing specifically in the statute that covers that, but the case law, including the Matanuska decision, which is cited in our reply brief, interpreted the federal law to say that the state is allowed to restrict this law by enforcing a statute of limitations on the time between when the judgment is entered and when it has to be registered under this statute. And the distinction that the courts make, and you find this in the state judgments rather than federal judgments, is that the judgment itself is enforceable, but the procedures for enforcing the judgment are controlled by state law. And that statute of limitations, for the purposes of that analysis, in the case law, is considered a procedure. And so after four years, you could not have gone back and registered the California judgment again in Arizona. But after you registered it in Washington, you could take the Washington registered judgment and register it in Arizona. Correct, Your Honor. And that's because of the words of the statute, which specifically say, a judgment so registered shall have the same effect as a judgment of the district court and may be enforced in a like manner. Literally, it may be enforced by being registered in another state, just like any other judgment. And under the Marcos case, that's exactly, our case in Marcos, that's exactly how we read it. That the registered judgment becomes the functional equivalent of a brand new judgment. Correct. And the district court went so far as to say, well, it would, except we don't like the way it happened here, because Fidelity didn't properly comply with the renewal statute when it tried the first time. And as Your Honors have indicated, that shouldn't make a difference. Again, the district court did not say we violated any Arizona statute. We complied with the four-year limitations period, because the Washington judgment was entered in 2011. We had until 2015. We registered it pursuant to Section 1963 in 2011. We complied with the Arizona law. And we will have to renew it properly this time under the Arizona law in 2016. Otherwise, that judgment would lapse. So just going back to the answer you gave, I think, to Judge Graber's question, so you think Arizona, if it said, you know what, we're fed up with this, this is an abuse of our statutes of limitations, because that's what it is. You're trying to do an end run around the time limit, the four-year time limit we otherwise want to enforce. You think Arizona could say, there shall be no registration of re-registered judgments in our state? All right. As I said, depending on how they did it and why, there would be a supremacy clause problem to the extent the federal courts felt that it interfered with the enforcement of Section 1963. If I were in that position, that's the argument I would make. I would need to see the specific facts of the case, and I'd want to see what the statute said. So it's hard to say in the abstract, could they get away with that. But I respectfully... What they probably could do is they probably could say, in view of the procedural substantive thing, they may well not be able to say, you can never register a registered judgment, but we're going to put a shorter statute of limitations on registering registered judgments as opposed to registering the original judgment, and that would arguably make federal law and state law consistent with each other rather than a state trying to totally undermine a federal statute. I completely agree with your analysis, and it really brings home the point that if the Arizona legislature wants to try to fix what it considers a problem here, or if the federal legislature feels that Section 1963 is too liberal, it's up to the legislature to do something different. But the statute on its face says, Fidelity is entitled to do this. I wouldn't call it an end run around. I would call it finding an alternative path to enforce a judgment that is contemplated by the whole notion that there's an extra federal statute in here. Well, I mean, but you have to admit that if... I'm not saying that your position legally is wrong, but if we accept your position, it sort of makes a mockery of Arizona's attempt to put a four-year limit, doesn't it? No, I don't think it does. And I think, you know... Well, your client did try, actually, to do it right under Arizona law and just sort of, unfortunately, just dropped the ball, right? It failed. And so, and you said, Oh, no, we've screwed up. Now let's try to find some way around the bar that otherwise would be imposed. It seems to me it's obvious that's what motivated the district court's ruling, and I understand where the district court was coming from. Yes. I don't think it makes a mockery out of it. We, like I said, complied with the four-year statute of  We didn't fully comply with the renewal statute properly this time, otherwise that judgment would lapse. We have revived the judgment legitimately using the federal statute, but that doesn't make a mockery out of the renewal statute. It simply means that in some cases there will be a way around it, which the Arizona legislature could try to fix. And by having a renewal opportunity, Arizona does recognize as public policy that you can keep renewing it over and over and over again ad infinitum, I think. That's absolutely correct. Until you finally get satisfaction. So if you had re-registered timely, you could keep doing that for another 40 years if you had to in Arizona. Correct. So there's no public policy against seriatim renewals that keep the judgment alive for all time. It's just that Arizona has a very particular procedure, and we didn't manage to follow it properly, but I don't think it makes a mockery out of that. Maybe then it makes a mockery of the re-what do you call it when you re-register it? Under Arizona law. Right. I mean, because that's what you're getting around. I guess you're right. Yes. It's not making a mockery of the 4-year limit altogether, but whatever procedures Arizona put in place to renew the judgment, it is making a mockery of that, because there's always going to be a way, if you blow that, to get around it. I would say the more accurate way, respectfully, would say it somewhat dilutes what they were trying to do with the renewal statute, but it doesn't completely erase it. Thank you, counsel. You have about half a minute left for rebuttal. Okay. I'd like to reserve that for rebuttal. Thank you, Your Honor. May it please the Court. My name is Andrew Jacob. I represent the appellees in this case. There's a difference between enforcement and registration. Enforcement is a creature of state law, and Section 1963 doesn't want to change enforcement at all. It says, when we register a judgment, you enforce it like you would enforce a judgment that arose in that state. So let me go back to my initial question. Let's suppose that this judgment from California had not been registered in Arizona in 2002 at all, but instead, nothing particular happened until it was registered in Washington in 2011, where it was perfectly on time. And then just, you know, a month or two later, that judgment was registered in Arizona. Problem under Arizona law or no problem? There's a problem under a federal statute. Because you think you can't register a registered judgment? I believe that's the case. You don't need that rule to decide this case. How about answering the question that was put to you? Yes, I believe that's the case. Is there a problem under Arizona law? No, because registration is controlled by the federal law. And all the cases that say a registered judgment shall be enforced like a judgment in that state, they don't say can be registered like a judgment from that state and forced. And that's the law. What would happen if you could register, re-register a judgment? If some state could let you do it for 20 years, you register the judgment there. The judgment debtor has no notice of it. The judgment is sitting there. Under the state law where they're at, they say time has gone by. They're not able to register a judgment here from the state where it came from because it's gone now. And then it pops up 20 years later. Arizona and other states want to give closure to judgment debtors. Except that isn't really true because I don't see anything in the statute unless I'm missing something that would prevent the holder of the judgment from registering it and re-registering it so long as they did it less than four years over and over and over again until you reach the 20 years or more. Is that correct? Yes. But for one, you have notice that in that 90-day time frame when you can revive the judgment, the judgment debtor has noticed the judgment is still active against me. Arizona law wants there to be a possibility that a judgment debtor will know at some point, either they keep on trying to enforce the judgment, so I have to know I'm at risk for that, or time has gone past, things haven't happened, and now I'm not at risk for it. But see, then you're still going back to relying on Arizona law. But earlier in answer to my question, you said if they had never registered it initially in Arizona, the 2011 registration in Washington would have been completely valid. And so the only real question is whether there's an impediment in the statute or in binding cases. Well, there is an impediment in this law as to re-registering a new judgment, and we have held that to register a judgment under 1963 is functionally equivalent to obtaining a new judgment. We've said can be enforced like a judgment originating in that state. We have not ruled that it can be registered. What the statute is ambiguous about is it says that this judgment shall have the same effect as a judgment of the district court where registered and may be enforced in like manner. It does not say and may be registered. Well, how would a person enforce a Washington judgment in Arizona? You can't. You have to register it. You can. Of course, you can register it and then enforce it. So why isn't that exactly what the statute allows? Registration and enforcement aren't the same thing. No, they aren't. But you get to enforcement by registering the Washington or California or whatever judgment in Arizona. That's how you enforce it. But what they're talking about is it can be either that last sentence means may be enforced in like manner in that district, may be enforced in like manner in any district. Enforcement is a creature of State law. They don't say that it can be registered in any other district. But if it has the exact same effect as a judgment of the district court where it is registered, one effect of having a judgment from a district court is that you can register it in Arizona. That's giving it an effect in some other district. It says it has the same effect in that district. It doesn't say that it has the same effect in other districts as that original judgment. It doesn't say anything about districts. It says a judgment so registered shall have the same effect as a judgment of the district court of the district where registered. So if I have a district court judgment in Washington, I can come to Arizona and register it, correct? If you have an original judgment, you can register it. Okay. We're not arguing with that. Well, but I read Section 1963 as saying that a registered judgment is to be treated exactly like an original judgment of the district court. Except it doesn't say that. What it says in the first sentence is it doesn't say a judgment for the recovery of money or property entered in any court, et cetera, et cetera, et cetera. It says a judgment in an action. It's not written the way we would write it today seeing what's happening now. But what that means is it's not saying a registered judgment can do such and such. It's not saying any judgment, a judgment in an action. And then the last sentence says that a judgment shall have the same effect as a judgment in the district. Of the district court. Not in the district court. I'm sorry. Of the district court. And may be enforced. But enforcement is not what this statute is not defining enforcement. Of course, enforcement is controlled by State law. Registration is controlled by this statute. And your argument, I understand your argument. You're saying that basically that first clause of the statute, under that first clause of the statute, the Washington judgment is not a judgment in an action for the recovery of money or property. That's your whole argument, right? Well, that and that the last sentence doesn't then contradict that by saying it may be registered in any other district. Well, I mean, that phrase in an action for the recovery of money or property I thought had been added later solely to address the concern that people were trying to get judgments for injunctive relief registered and Congress did not want to permit that. Well, not that part of that phrase, but the whole phrase. If that's what it meant, if that's all that it meant, you could take out in an action and it would mean the same thing. Well, you could. A judgment for the recovery of money, et cetera, et cetera, et cetera. But it doesn't say that. But the whole phrase, just hang on, tell me if I'm right. That whole phrase, in an action for the recovery of money or property, that was added all at one time, right? To distinguish an action for injunctive relief. Right. That was the purpose why that whole phrase was stuck in here, where it didn't exist before. And you're saying, well, no, no, no, that's not all it was intended to accomplish. It was also intended to prohibit re-registration of, and it just doesn't say that. The language wasn't exactly the same before that came in. Back when this statute first came out, in the form of a rule, it talked about, like proceedings for its enforcement may be taken thereon in the court in which it is registered, as if the judgment had been originally entered by that court. It doesn't say, like treatment shall be given to that judgment in other district courts. The way the statute first came out was very clear that it was saying you register it and it will be treated in that court now, like a judgment in that court. Then they add, then they make clear the business we're not talking about in junctions, because you don't need to go to the second district court for that. You can go back to the first district court. But they also have the phrase judgment in an action, and in an action doesn't mean anything if it doesn't distinguish a registered judgment from one that isn't. If the court upholds what was done here, every litigant will go to the federal court for diversity actions, because they have far more power to keep their judgment live under this statute if it's interpreted that a registered judgment can be re-registered. You would be foolish to go to state court where you can't do that. But you can. I mean, that was our first conversation. You can keep re-registering in Arizona for 20 years, 30 years. If you follow the rules. That's right. So there's no public policy against keeping a judgment alive a long time to collect from the person who won't pay you what they owe you. There is a public policy against keeping it alive if you don't give that party notice every five years that you're continuing to pursue the judgment. The way that, if you uphold what the appellants did here, you would allow a judgment to simmer off in some other state perhaps for decades and then suddenly appear in Arizona. No warning, no notice that they still intend to enforce that judgment. But if you're arguing public policy, isn't there strong public policy in people paying their judgments? If there's a legitimate judgment against you by a legitimate court, why shouldn't you be pursued until you pay it? Because state law says you've got to give notice to the judgment debtor that you're continuing to pursue it and your rights expire if you don't do that. Enforcement is controlled by state law. That's an element of state law. We may agree with that or not agree with that but that's there. Congress did not intend in this statute to change state law of enforcement. They just intended to keep it the same. In the alternative to my argument, if you want to say that if this judgment had never been in Arizona that the 5th Circuit was right that you can bring a registered judgment to a third state you don't have to bring the original judgment that is still not what happened here. They failed to follow Arizona law. Congress did not intend to say well there's this trick that we have that if you can figure it out you don't have to follow state law there's no evidence that that's what Congress intended. It would be absurd to read this statute as Congress saying we think this state law business is wrong and we're going to set up a way that you can keep bringing judgments back let them expire under state law and bring them back again. It didn't expire under the law of the state where the judgment was made which is California. It expired in Arizona Arizona law but the judgment to which this potentially would allow enforcement was still alive in California right where it was rendered and enforced in California. Well if you paid in California we wouldn't be here. But the states are separate entities you come to Arizona you've got a judgment in Arizona there's rules in Arizona how to enforce the judgment those rules are not in question here they didn't follow the rules this court on appeal said no you can't revive that judgment in Arizona and they sat there and they said we can get around that by taking it to some other state and bringing it back and if Congress wanted to say federal judgments never expire they could have said that. Thank you counsel we understand your position and your time has been excellent and        your time and I would like to thank you for your     like to  you for your time and I would like to thank you for your time and I would like to          to thank you for your time and I would like to thank you for your time and I would
judges: Friedman, Graber, Watford